IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAURICE S. SAYLES,

        Plaintiff,

                              CIVIL ACTION
vs.                             No. 06-3025-SAC

UNITED STATES OF AMERICA,

        Defendant.

ORDER

This matter is before the court on a civil action filed by a prisoner at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America.

Because plaintiff proceeds pro se, the court liberally construes his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff contends that the defendant, the United States Court, violated his constitutional rights by requiring him to undergo an evaluation of his competency to stand trial. Plaintiff contends the competency evaluation was unnecessary and was a deliberate attempt to interfere with his right to a

speedy trial. He also asserts that bond was set in an unreasonable amount and that he was denied due process by his transfer to another detention facility for the mental evaluation. He seeks damages and release from the criminal action, a request the court construes to seek dismissal of the charges against him.

Plaintiff's request for the dismissal of his criminal action sounds in habeas corpus.[1] The federal courts have granted pre-judgment habeas corpus relief pursuant to 28 U.S.C. § 2241 on claims arising from state court criminal proceedings in narrow circumstances. Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D. Wis. 1999).

In the present case, however, no habeas corpus relief may be granted because this court has no subject matter jurisdiction over a federal criminal action pending in the United States District Court for the Western District of Missouri.

---

[1] In the alternative, if this matter were to proceed as a civil rights action seeking relief in damages, plaintiff could not prevail. His claims against the court, which appear to be claims arising from decisions of the federal district court judge, are barred by judicial immunity. A judge is absolutely immune from a suit for monetary damages for acts taken in a judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991).

Plaintiff must present his claims to the court in which the criminal action is pending.

IT IS THEREFORE ORDERED this matter is liberally construed as a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for lack of jurisdiction.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 25th day of January, 2006, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge